UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TYREEN BROWN,

                Plaintiff,

        v.

SIGNORELLA, Sergeant, Elmira Correctional
Facility, et al.,

                Defendants.

_____

DECISION & ORDER

14-CV-6139W

        Plaintiff Tyreen Brown ("Brown"), acting *pro se*, filed a complaint asserting

claims under 42 U.S.C. § 1983, against defendant Signorella, a sergeant employed by the New

York State Department of Corrections and Community Supervision ("DOCCS"), and an

unnamed DOCCS correctional officer, both of whom were employed at Elmira Correctional

Facility.  (Docket # 15).  Brown's complaint alleges that on that October 17, 2003, a fight

occurred between inmates in the prison field house, following which he was escorted by

defendant Signorella and the unknown officer to the facility infirmary.  (*Id.*).  He claims that the

two defendants beat him during the elevator ride to the infirmary, causing him serious injury.

(*Id.*).

        Currently pending before this Court is Brown's motion for an order compelling

defendant to provide him information to enable him to identify the unnamed corrections officer.

(Docket # 23).  Although this Court's scheduling order required defendants to provide plaintiff

the names of "all persons who were present at, witnessed, or investigated the events from which

plaintiff's claim arose" (Docket # 19), counsel for defendants maintains that the records relating

to the field house fight do not identify "a corrections officer who allegedly escorted [plaintiff] onto an elevator to the infirmary." (Docket # 26 at ¶ 6). Counsel also represents that he has requested the Elmira Correctional Facility to provide any records that may assist with the identification. (*Id.* at ¶ 7). The docket does not reflect that any records identifying the alleged escorting officer have since been produced, and Brown's subsequent filings suggest that he is still trying to identify the officer. (*See* Docket ## 27-29).

In these submissions, Brown seeks the names of all corrections officers who worked in the field house of the Elmira Correctional Facility the night of October 17, 2013. (Docket # 27 at 2). Brown also seeks production of a copy of the facility infirmary log book, including information identifying which corrections officer signed the log book with defendant Signorella on the night of October 17, 2013, and a copy of the field house log book for that night. (*Id.*).

Clearly, Brown is entitled to records to assist him in identifying the officer who allegedly assaulted him in the elevator on the way to the infirmary on October 17, 2013. Indeed, defendants' counsel does not oppose the motion, but promises to try to obtain the information to identify the alleged officer. Because the record is unclear as to whether defendants have searched for the specific records requested by Brown, I order that defendants do so. Specifically, by no later than **August 8, 2016**, defendants are directed to produce a copy of the log books of both the facility infirmary and the field house for the night of October 17,

2013.  Defendants are also directed to make available for Brown's inspection photographs and names of the corrections officers whose signatures appear in the log books for that night.

Accordingly, Brown's motion to compel **(Docket # 23)** is **GRANTED**.

**IT IS SO ORDERED**.

_s/Marian W. Payson_

MARIAN W. PAYSON

United States Magistrate Judge

Dated: Rochester, New York
      July 19, 2016